**UNITED NATIONAL INDUSTRIES, INC., Plaintiff,**

v.

**POOL MART, INC., Defendant.**

No. 77–901C(3).

United States District Court, E. D. Missouri, E. D.

May 8, 1978.

Burton H. Shostak, Robert N. Feldmann, Kramer, Chused, Strauss, Shostak & Kohn, St. Louis, Mo., for plaintiff.

Charles Clayton, Clayton & Karfeld, St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

Plaintiff United National Industries, Inc. brought this suit pursuant to 28 U.S.C. § 1332 seeking to recover monies allegedly due for goods, wares and merchandise sold and delivered to defendant.

This case was tried before the Court without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, the stipulations of the parties, and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

### FINDINGS OF FACT

1) Plaintiff United National Industries, Inc. is a corporation organized and existing pursuant to the laws of the state of Delaware with its principal place of business in the state of Illinois. Plaintiff is the ultimate assignee for value of an account receivable covering goods, wares and merchandise sold and delivered by Jansa Woodworking, a Division of Brewster Industries, Inc. Defendant Pool Mart, Inc. is a corporation organized and existing pursuant to the laws of the state of Missouri, with its principal place of business in the state of Missouri.

2) On March 19, 1976, defendant placed two purchase orders with Jansa Woodworking: Purchase Order No. 2889 in the amount of $35,215.00 and Purchase Order No. 2891 in the amount of $189,440.00. On the same date, a letter addressed to Jansa Recreation was signed by Bernard Greenberg of Pool Mart, Inc. and Joseph Steinberg of Jansa Recreation. This letter provides in relevant part:

> This is to acknowledge that the amount of Advertising Allowance for Pool Mart on the Air Hockey Program is # 22,000.-00. [sic] This amount may be applied to any invoice.

From the evidence adduced herein, it is clear that defendant was entitled to use this allowance on any invoice, including the first one received. There was no requirement that it be used in a pro rata manner on each invoice.

3) Pursuant to defendant's purchase orders, Jansa made shipments to defendant totalling $38,570.00. The terms for the shipment of the merchandise were F.O.B. Factory . (Jansa Woodworking Factory, Brooklyn, New York).

4) Defendant received goods and merchandise covered by three invoices, in an amount of $28,517.00. The goods and merchandise covered by invoices nos. 02851 and 03053 were apparently stolen. The total invoice value of the stolen merchandise was $10,053.00. The goods covered by these invoices were shipped to defendant by common carrier, Eveready Leasing Corporation, and copies of the invoices and bills of lading were sent to defendant.

5) Defendant has made no payment to Jansa or plaintiff for any of the merchandise covered under any of these invoices.

6) By mutual agreement between Jansa and defendant, defendant reshipped merchandise it had received from Jansa to Mammouth Mart of Sommerville, Massachusetts. The merchandise so shipped had a value of $7,300.00. Jansa received payment for the same from Mammouth Mart.

7) On August 3, 1976, Jansa Woodworking sent a notice to its customers stating that it had ceased operations and had closed its plant in July, 1976.

8) On January 7, 1977, defendant reshipped merchandise received from Jansa to Herman's of Carteret, New Jersey. The merchandise so shipped had an invoice value of $5,978.00. Neither plaintiff nor defendant have received payment from Herman's for the merchandise shipped. Based on the evidence adduced, the Court finds that this merchandise was not shipped at Jansa's direction nor as a result of any agreement between defendant and Jansa.

9) The merchandise involved herein was air table hockey games. Most of these games were sold by a competitor. Since Jansa's products were new in the area, it had no brand name acceptance. Defendant commenced an advertising campaign, promoting air table hockey, with the intention of selling only Jansa Products. In connection with this campaign, defendant expended approximately $21,000.00 on television advertisements, mail circulars, in-store displays and newspaper advertising. Although these advertisements did not men-

tion Jansa products by name, defendant intended to sell only Jansa products at its store.

## CONCLUSIONS OF LAW

This Court has jurisdiction over the subject matter and the parties to this suit in accordance with 28 U.S.C. § 1332.

Plaintiff contends that defendant is liable for merchandise sold and delivered in the amount of $31,270.00. This amount represents the invoice value of goods shipped pursuant to the five invoices, less a credit of $7,300.00 for merchandise reshipped at Jansa's direction to Mammouth Mart of Sommerville, Massachusetts.

■ Defendant contends that it is entitled to apply the advertising allowance, that it reshipped goods to Herman's of Carteret at Jansa's direction and should thus not be liable for payment of the same; and that it is not liable for the merchandise which was apparently stolen.

Section 400.2–319, R.S.Mo. (1969) provides in part:

(1) Unless otherwise agreed the term F.O.B. (which means "free on board") at a named place, even though used only in connection with the state price, is a delivery term under which

(a) when the term is F.O.B. the place of shipment, the seller must at that place ship the goods in the manner provided in this article (section 400.2–504) and bear the expense and risk of putting them into the possession of the carrier . . . .

Section 400.2–504, R.S.Mo. (1969) provides:

Where the seller is required or authorized to send the goods to the buyer and the contract does not require him to deliver them at a particular destination, then unless otherwise agreed he must

(a) put the goods in the possession of such a carrier and make such a contract for their transportation as may be reasonable having regard to the nature of the goods and other circumstances of the case; and

(b) obtain and promptly deliver or tender in due form any document necessary to enable the buyer to obtain possession of the goods or otherwise required by the agreement or by the usage of trade; and

(c) promptly notify the buyer of the shipment. Failure to notify the buyer under paragraph (c) or to make a proper contract under paragraph (a) is a ground for rejection only if material delay or loss ensues.

Based upon the facts herein as found by the Court, it is the Court's conclusion that Jansa complied with the requirements of § 400.2–319 and § 400.2–504. Accordingly, plaintiff is entitled to recover the invoice value of the merchandise which was stolen.

■ The Court has further found that the reshipment to Herman's of Carteret was not made at Jansa's direction. Accordingly, defendant is liable for the amount of goods so shipped.

■ The Court has found that by agreement of the parties, Jansa allowed defendant a $22,000.00 advertising allowance to be applied to any invoice. There was no requirement that only a percentage of said allowance be applied to each invoice. Accordingly, defendant is entitled to apply the allowance to the invoices herein. *Cf., Brazeal v. Bokelman,* 270 F.2d 943, 948–49 (8th Cir. 1959).

Therefore, judgment will be entered in plaintiff's favor in the amount of $9,270.00 which represents an award of $31,270.00 for the goods and merchandise sold and delivered, less the $22,000.00 advertising allowance.